IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
HELENA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff,<br><br>vs.<br><br>JESSE DAVID LELAND,<br>Defendant. | CR 11-08-H-CCL<br><br><br>ORDER |

Defendant moves to dismiss the revocation petition pending before the Court on the ground that this Court lacks jurisdiction to entertain the petition. Defendant cites Rule 12(b)(2), Fed. R. Crim. P., for the proposition that the jurisdiction of the Court may be challenged at any time while the case is pending. The motion is opposed by the government and has been fully briefed, and the Court is prepared to rule.

Defendant was sentenced to serve 12 months in custody followed by four years of supervised release for the offense of manufacturing marijuana, in violation of 21 U.S.C. 841(a)(1). Defendant was released from the custody of the Bureau of Prisons

1

on January 18, 2013, and according to statute, his term of supervised release is deemed to have commenced on that date. *See* 18 U.S.C. 3264(e).

The U.S. Probation Office submitted its petition for revocation of supervised release to the Court on January 13, 2017, which was a Friday. The petition contained the probation officer's sworn allegations that the Defendant had committed violations of his supervised release beginning in October 2015. The Court was closed on Monday, January 16, 2017, for a federal holiday. The undersigned signed and filed the petition on Tuesday, January 17, 2017. (ECF No. 99.) The Clerk issued a summons on January 17, 2017. (ECF No. 100.) Pursuant to statute,

> [t]he power of the court to revoke a term of supervised release for violation of a condition of supervised release . . . extends beyond the expiration of the term of supervised release for any period reasonably necessary for the adjudication of matters arising before its expiration if, before its expiration, a warrant or summons has been issued on the basis of an allegation of such a violation.

18 U.S.C. 3583(i). A revocation hearing was set down on April 7, 2017, but it was vacated on the joint motion of the parties (ECF No. 109). The parties desired a continuance to allow a state court to decide a suppression motion in Defendant's

criminal case (arising from the same general facts as alleged in the petition for revocation). The suppression motion was decided against the Defendant in late May, 2017. In June, Defendant filed the instant motion to dismiss for lack of jurisdiction, and the parties requested that the Court continue the revocation hearing set down on June 14, 2017, to permit briefing and decision of the motion to dismiss. (ECF No. 116.)

The Defendant's motion is predicated upon his assertion that when the Clerk issued a summons on January 17, 2017, Defendant's four-year term of probation had already expired on the previous day. Defendant claims that one year is defined to mean 365 days. Because 2016 was a leap year (366 days), Defendant's four-year term is claimed to have ended one day early. Thus, while usually a four-year term commencing on January 18 would expire at the end of the day on January 17 four years later, in this case–Defendant argues–a four-year term commencing on January 18, 2013, should end on January 16, 2017, because 2016 contains an extra day due to being a leap year.

Defendant admits that "[i]n *Lagandaon v. Ashcroft*, 383 F.3d 983 (9th Cir.

3

2004), the Ninth Circuit holds that one year equals 365 days, except in leap years when it equals 366 days. *Lagandaon*, 383 F.3d at 985 and 992, n.10." (ECF No. 115 at 3.) Nevertheless, Defendant rejects *Lagandaon* in favor of *Habibi v. Holder*, 673 F.3d 1082 (9th Cir. 2011), which he cites for the proposition that "one year [is] 365 days, regardless of leap years, for purposes of § 1101(a)(43)(F)." *Habibi*, 673 F.3d at 1085.

In *Habibi*, the court needed to define the phrase "at least one year" in section 1101(a)(43)(F), which defines an "aggravated felony" to include "a crime of violence . . . for which the term of imprisonment [is] at least one year...." 8 U.S.C. § 1101(a)(43)(F). The question, then, in *Habibi* was, 'if an individual receives a actual sentence of 365 days of custody, which he actually serves during a leap year (consisting of 366 days), has the individual served at least one year?' If not, does the prior conviction serve as a predicate offense for an aggravated felony pursuant to § 1101(a)(43)(F)? The Ninth Circuit answered the question yes, holding that, for purposes of determining whether an alien has a prior conviction for a crime of violence pursuant to § 1101(a)(43)(F), one year equals 365 days, ignoring leap years.

4

Defendant Leland applies this holding to his own four-year term of supervision, and therefore subtracts one day from the time that he served on supervision in 2016 (366 days, because it was a leap year). The result is that Defendant Leland would have completed his four-year term of supervision at the end of the day on January 16, 2017, one day before the Clerk issued a summons on the petition for revocation.

The *Lagandaon* case involves an immigration statute that permits cancellation of removal if an alien has been present in the United States for not less than 10 years immediately preceding the date of application. 8 U.S.C. 1229b(b)(1)(A). The date upon which Lagandaon received his Notice of Removal was May 13, 1997. Therefore, the court calculated that the ten-year presence requirement would begin on May 14, 1987 (the ten-year period then ending on May 13, 1997). By coincidence, Lagandaon had arrived in the United States on May 14, 1987. A question arose whether fractions of the beginning and ending days should be considered, and the panel decided that fractions of days should not be considered--that "the span from January 1 to December 31 constitutes one year, regardless of the time of day on January 1 or December 31 that the relevant events occurred." In addition, citing

5

*Griffith v. Bogert*, 59 U.S. 158, 159, 18 How. 158, 15 L.Ed. 307 (1855), the panel determined that "a year runs from one date to the *prior* date in the next year–365 days, the equivalent of the period from January 1 to December 31, and *not* that from January 1 to the next January 1, which would be 366 days, or a year and a day." And, "[o]f course, in leap years, one additional day would be added." *Langadoan*, 383 F.3d at 992 n.10.

In response to Defendant's argument, the government cites *United States v. Tawab*, 984 F.2d 1533, 1534 (9th Cir. 1993). There, a defendant moved to dismiss an indictment against him on statute of limitations grounds. The alleged criminal conduct was completed on February 15, 1986. An indictment was filed on February 15, 1991. The United States Supreme Court has held that the day a tax return is filed should not be included in the requirement that any tax assessment be made "within five years after the return...." *Burnet v. Willingham Loan & Trust Co.*, 282 U.S. 437, 439, 51 S.Ct. 185, 75 L.Ed. 448 (1931). Thus, the day of the offense conduct (or the last day) should not be counted, and this rule applies in both civil and criminal cases. *See Wiggins v. United States*, 64 F.2d 950 (9th Cir. 1933). Tawab

argued that there are 365 days in one year, and because 1988 was a leap year containing 366 days, the leap day should be subtracted so that the statute of limitations applicable to his offense conduct would have expired on February 14, 1991, one day before the indictment was filed. The Ninth Circuit panel rejected this argument, deciding that the term "year" means a calendar year, not 365 days. *Tawab*, 984 F.2d at 1534. Therefore, a 'year' means one calendar year, whether it is or is not a leap year. Defendant Leland was sentenced to be placed on supervised release "for a term of: four (4) years." (ECF No. 74, Judgment of Conviction at 3.) The Summons was issued by the Clerk on January 17, 2017, on the last day of Defendant Leland's term of supervised release, that term being calculated as January 18, 2013, through January 17, 2017.

According to the Merriam-Webster dictionary, a "year" is defined to be "the period of about 365¼ solar days required for one revolution of the earth around the sun." *See* www.merriam-webster.com/dictionary/year. This is the reason that the calendar is corrected every fourth year and adds an extra day. A calendar year, on the other hand, is defined as running from a beginning date to the *previous* day of the

7

next year. Thus, a calendar year ignores leap years entirely. *See Yokley v. Delaski*, 982 F.2d 423, 424 (10th Cir. 1992) (holding that a 'year' for sentencing purposes refers to calendar year and ignores the inmate's service of an extra day during leap years) (*citing City of Las Vegas v. Kitchell Contractors, Inc. of Arizona*, 768 F.Supp. 742, 746 (D. Nev. 1991).

The Court agrees with the Defendant that, with limited exception, a defendant must be given credit for each day served on supervised release. However, a term of calendar years should be calculated using both 365-day and 366-day (leap) years, as appropriate. Another way to calculate a term of years is to define a 'year" scientifically as a natural year consisting of 365.2425 days, with the same end result.

Accordingly,

IT IS HEREBY ORDERED that Defendant's Motion to Dismiss (ECF No. 114) is DENIED.

IT IS FURTHER ORDERED that the petition for revocation is set down for hearing on October 18, 2017, at 10:00 a.m., in Courtroom II, United States District Courthouse, Helena.

DATED this 3rd day of October, 2017.

/s/ Charles C. Lovell
CHARLES C. LOVELL
SENIOR UNITED STATES DISTRICT JUDGE